IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZACHARY MORENO,                             No. C-12-6400 TEH (PR)

       Plaintiff,

   v.                                       ORDER OF DISMISSAL WITHOUT
                                            PREJUDICE
SUPERIOR COURT OF THE CITY AND
COUNTY OF SAN FRANCISCO,

       Defendant.
_____/

I

      Plaintiff Zachary Moreno filed the present <u>pro se</u> prisoner complaint under 42 U.S.C. § 1983.  His complaint challenges his detention based on allegations that his preliminary hearing was too confusing for him to understand because witnesses from two cases "testified as if it was a double arraignment, crossing all facts." Plaintiff asserts that this is violated his right to a fair and separate trial.  Comp. at 3.  He alleges that he is not challenging his conditions of confinement, but the constitutionality of his criminal proceedings.  Comp. at 1.  Plaintiff seeks monetary relief, declaratory relief, the dismissal of charges in his two cases and release from custody.  He also applies for leave to proceed <u>in forma pauperis</u> (IFP).  His IFP application is granted by separate Order of the Court.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## III

In this case, Plaintiff has improperly filed his claim as a civil rights action. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas is the "exclusive

remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (citation omitted); Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (citation omitted). As a consequence, challenges to prison conditions have traditionally been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

      A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superceded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

      In this case, Plaintiff's allegations attack the validity of his conviction rather than the conditions of his confinement. Therefore, Plaintiff has failed to state a cognizable claim under section 1983. Accordingly, the instant complaint is DISMISSED without prejudice. Plaintiff may refile his case as a habeas petition pursuant to 28 U.S.C. § 2254.

3

IV

Based on the foregoing,

(1) Plaintiff's application to proceed IFP is granted by separate Order of the Court. Docket #5.

(2) The complaint is dismissed without prejudice to Plaintiff refiling a habeas petition.

(3) The Clerk shall close the file, terminate all pending motions and enter judgment in accordance with this Order.

IT IS SO ORDERED.

DATED     _02/13/2013_                   _____
                                          THELTON E. HENDERSON
                                          United States District Judge

G:\PRO-SE\TEH\CR.12\Moreno 12-6400 Dis HC not CR.wpd

4